UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-61638-CIV-COHN/SNOW

STEVEN MORRIS and VERNON PADMORE,
 on their own behalf and others similarly situated,

    Plaintiff,

v.

J&L CONSTRUCTION, INC., a Florida Corporation,
and LEE FALSTROM, JR., individually

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case with Prejudice [DE 22]. The Court has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

This case involves claims for unpaid back wages pursuant to the Fair Labor Standard Act, 29 U.S.C. § 201, et seq, ("FLSA"). The parties informed the Court that they have reached a compromise of their claims. In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine whether the settlement is a "fair and reasonable resolution of a bona tide dispute over FLSA provisions." Lynn's Food Stores v. United States, 679 F2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout the litigation "is more likely to reflect a reasonable

compromise of disputed issues." Id.  The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide dispute over FLSA provisions, as evidenced by the claims alleged in the complaint. [DE 1]. The Court finds that the compromise reached by the parties under the Settlement Agreement is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case with Prejudice [DE 15] is **GRANTED**. The above-referenced action is **DISMISSED with prejudice**. The Court shall retain jurisdiction over the parties' Settlement Agreement for sixty (60) days. It is further

**ORDERED AND ADJUDGED** that any pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 17th day of May, 2007.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record